# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-129V

| | |
|---|---|
| KRISTEN DIXON,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: May 24, 2024 |

*Jonathan J. Svitak, Shannon Law Group, P.C., Woodbridge, IL,* for Petitioner.

*Madelyn Weeks, U.S. Department of Justice, Washington, DC,* for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On January 6, 2021, Kristen Dixon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza ("flu") vaccination on November 5, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters. Although Respondent conceded entitlement, the parties could not informally resolve the issue of damages, and they were therefore ordered to file briefs setting forth their respective arguments. Damages were resolved via an expedited "Motions Day" hearing on May 17, 2024

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has sought an award of $**77,500.00** in compensation for Petitioner's actual pain and suffering. Respondent did not recommend a specific contrary amount, but instead only requested that I award some amount lower than Petitioner's demand.

After listening to the arguments of both sides, I issued an oral ruling on damages constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A), at the conclusion of the May 17, 2024 hearing. An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. As discussed during my oral ruling, in another recent decision I discussed at length the legal standard to be considered in determining damages based upon prior SIRVA compensation within SPU. I fully adopt and hereby incorporate my prior discussion in Sections II and III of *Winkle v. Sec'y Health & Hum. Servs.*, No. 20-0485V, 2022 WL 221643, at *2-4 (Fed. Cl. Spec. Mstr. Jan. 11, 2022) to the instant ruling and decision. Additionally, the official recording of my oral ruling includes my discussion of various comparable cases as well as specific facts relating to Petitioner's medical history and experience that further informed my decision awarding damages herein. However, given the nature of Respondent's argument presented in his briefing and at the hearing, some further analysis is necessary.

The four cases presented as comparables by Petitioner, *Hartman v. Sec'y of Health & Hum. Servs.*, No. 19-1106V, 2022 WL 444456 (Fed. Cl. Spec. Mstr. Jan. 14, 2022); *Pruett v. Sec'y of Health & Hum. Servs.*, No. 17-561, 2019 WL 3297083 (Fed. Cl. Spec. Mstr. Apr. 30, 2019); *Balch v. Sec'y of Health & Hum. Servs.*, No. 20-872V, 2023 WL 150783 (Fed. Cl. Spec. Mstr. Jan. 10, 2023); and *Kim v. Health & Hum. Servs.*, No. 17-418V, 2018 WL 3991022 (Fed. Cl. Spec. Mstr. July 20, 2018)), establish a reasonable upper range for an award for Petitioner in the instant case. However, each case presented a slightly more severe injury than herein, whether it be due to more severe pain (e.g., *Pruett* and *Hartman*) or had other factors which served to make the SIRVA more impactful (*e.g., Blach* and the impact the SIRVA had on the petitioner managing his cancer diagnosis). All of those cases also were resolved for a lower sum than what Petitioner is requesting.

Respondent's decision to not offer a competing amount, or even one comparable case supporting such a figure, did little to help resolve the dispute. Presumably, Respondent believes that his best offer was made when he tendered a proffer to Petitioner. Indeed, Respondent noted in his response that "[a]wards that significantly deviate from this full value incentivize petitioners to reject respondent's full-value proffers, confident that the court will *always* award more." Response at 7 (ECF No. 40) (emphasis in original). However, I have repeatedly noted that proffers only reflect *Respondent's* judgment as to the correct damages sum, and thus (while they may or may not be legally

2

defensible or persuasive) are not as useful in determining damages as a reasoned determination by a special master. Respondent runs the risk that I will simply adopt the Petitioner's figure if this approach is maintained in future cases.

Based on my consideration of the complete record as a whole and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A), **I find that $73,000.00 represents a fair and appropriate amount of compensation for Petitioner's actual pain and suffering.**[3]

Accordingly, **I award Petitioner a lump sum payment of $73,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* Section 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.