# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-0129V

| | |
|---|---|
| KRISTEN DIXON,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: November 27, 2024 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 6, 2021, Kristen Dixon filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") after receiving an influenza vaccination on November 5, 2020. Petition at 1. On May 24, 2024, I issued a decision awarding damages to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 47.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $43,993.12 (representing $42,300.90 for fees and $1,692.22 for costs). Petitioner's

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Application for Attorneys' Fees, filed June 5, 2024, ECF No. 51. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 49-4.

Respondent reacted to the motion on June 7, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 52. Petitioner has not filed a reply.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees and costs to be awarded appropriate, for the reasons set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

    A.  **Hourly Rates**

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted.

However, a few of the tasks performed by Mr. Svitak are more properly billed using a paralegal rate.[3] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $69.00.[4]**

    B.  **Billed Hours**

I also note this case required additional briefing regarding the issue of damages. *See* Petitioner's Brief in Support of Damages, filed Sept. 20, 2023, ECF No. 39; Petitioner's Reply to Respondent's Response to Petitioner's Brief in Support of Damages, filed Nov. 2, 2023, ECF No. 41; Hearing Order, issued Apr. 19, 2024 (regarding proceedings on May 17, 2024). Petitioner's counsel expended approximately 23.6 hours drafting the damages brief and 4.2 hours drafting the responsive damages brief, totaling 27.8 hours. ECF No. 51-2 at 3-6. Although slightly higher than what is usually billed by other attorneys in vaccine cases, I find this time to have been reasonably incurred.

However, Mr. Svitak often billed twice the amount of time needed by most other attorneys to review routine and common vaccine case filings such as the SPU Initial Order.[5] **This reduces the amount of fees to be awarded by $131.00.[6]**

---

[3] These entries, drafting basic documents such as a notice of filing and statement of completion, are dated as follows: two entries on 7/21/21. ECF No. 51-2 at 15.

[4] This amount consists of ($310 - $172) x 0.5 hrs. = $69.00.

[5] These entries, drafting basic documents such as a notice of filing and statement of completion, are dated as follows: two entries on 7/21/21. ECF No. 51-2 at 15.

[6] This amount consists of ($380 x 0.1 hrs.) + ($310 x 0.3 hrs.) = $131.00.

3

## ATTORNEYS COSTS

Petitioner has provided supporting documentation for all claimed costs, ECF No. 51-3. And Respondent offered no specific objection to the rates or amounts sought. However, I note that Petitioner failed to provide a detailed receipt for his meal on May 16, 2024. ECF No. 51-4 at 15. This information is needed as the Vaccine Program does not reimburse for the cost of alcohol. Furthermore, Petitioner appears to have taken a taxi to the airport at a cost of $120.00, despite the availability of more cost-efficient means of transportation. **Thus, I will reduce these costs by 20 percent, resulting in a reduction of $38.50.**[7]

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $43,754.62 (representing $42,100.90 for fees and $1,653.72 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Jonathan Joseph Svitak.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[8]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] This amount consists of ($72.60 + $120.00) x 0.20 = $38.50.

[8] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.